**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

BRUCE M. FAY, D.M.D., d/b/a NEW )
CONCEPT DENTAL, SAMANTHA )
BARTEL, SHARON BERGER, RYAN )
BOONE, SHERI DUDECK, LISA ELLER, )
JOEYLYNN FURTAK, MADHAVI )
KARNAM, JAMILLAH MCCOLLUM, )
MARILYN FUENTES RIVERA, ISBETH )
ROUSH, GRACE SHORTLIDGE and )
ARNOLD WEINSTEIN, D.M.D., )
                                         )    C.A. No. N22C-10-628 CEB
                 Plaintiffs, )
                                         )
                                         )
               v. )
                                         )
CONCORD PIKE SEASONS PIZZA & )
RESTAURANT, INC., SYSCO )
PHILADELPHIA, LLC, LEGACY )
FOODS, INC., and LEGACY )
FOODS, LLC., )
                                         )
               Defendants. )

**ORDER**

Now, this 11th day of January, 2024, the Court enters the following Order:

1. Plaintiffs complain that they ordered food from Defendant Seasons Pizza and subsequently got food poisoning.[1] The Complaint says that the Delaware

---

[1] Pl.'s Second Amend. Compl. ¶ 7.

1

Division of Health and Social Services ("DHSS") investigated and determined that the Plaintiffs' illness was due to "norovirus genogroup II" and was "due to a food handler or handlers not practicing proper hygiene, not changing gloves between work tasks, and/or coming to work while ill."[2]

2. The actual report of investigation by DHSS is not appended to the Complaint, so the reader is left to guess the context for this quotation, who made this determination, on what scientific basis, and whether it is accurate or not.[3]

3. Apparently spurred by conversations with counsel for Defendant Seasons Pizza,[4] the Plaintiffs amended their Complaint twice to add Legacy Foods, Inc., Legacy Foods LLC, and Sysco Philadelphia, LLC, wholesale food suppliers who may or may not have supplied food to Seasons Pizza that may or may not have been used in the preparation of the food consumed by the Plaintiffs that may or may not have contained contaminants that caused Plaintiffs harm. Completing the circle, Seasons Pizza has filed cross claims against Legacy and Sysco.

4. Legacy and Sysco have both moved to dismiss the Complaint, charging that there is no evidence that either of them did anything tortious whatsoever and

---

[2] Pl.'s Second Amend. Compl. ₱ 8
[3] *See, e.g.*, Pl.'s Second Amend. Compl.
[4] *See* Pl.'s Response to Mot. to Dismiss ₱1 (claiming that Seasons' counsel raised the possibility of a supplier being liable).

that even the limited quote from the DHSS investigation says the illness was caused by poor "food handling" and that food preparers handle food, not food wholesalers.[5]

5.    Defendants may have a point.  But agreeing with them requires the Court to consider extraneous facts asserted in their motions and/or to take judicial notice that neither Defendant is involved, as a matter of course, in retail food preparation.  And from the bare bones of the Complaint, we know nothing about "norovirus genogroup II," its transmissibility or whether bulk handlers are held to any particular standard with respect to hygiene and food handling.  Defendants' pleadings are peppered[6] with factual allegations that are not properly considered on a motion to dismiss.

6.    If Sysco and Legacy have no responsibility for hygiene or were somehow structurally incapable of adulterating the food in question with "norovirus genogroup II" it is probably frustrating to find themselves named in this lawsuit.  So their motions to dismiss the Complaint, before any discovery is taken, is understandable.  From the docket, it appears the Plaintiffs were concerned to name all potential Defendants before the statute of limitations expired.[7]

---

[5] *See* Def. Legacy Foods, LLC's Mot. to Dismiss ¶ 3; Def. Sysco Philadelphia, LLC's Mot. to Dismiss ¶ 5.

[6] Pun not intended.  In fact, the Court notes its restraint in not loading this Order with a lot of food references.

[7] *See* Pl.'s Mot. to Compel ⚇ 3 (seeking answers to discovery because of impending expiration of statute of limitations).

7. The pleading standards for a Complaint are quite forgiving. The Court must 1) accept all factual allegations of a complaint, 2) credit even vague allegations so long as they put defendant on notice, 3) draw all reasonable inference in favor of the complainant and 4) only dismiss if "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[8] Moreover, the Court is constrained in what it may consider: "[t]he complaint generally defines the universe of facts that the trial court may consider in ruling on a Rule 12(b)(6) motion to dismiss."[9]

8. Whether all of this means Sysco and Legacy have actual exposure is very much in play and it is up to Plaintiffs to take discovery and demonstrate a triable case against these Defendants. But to dismiss the action on a motion simply asks too much of the Court.

9. The Court must deny Defendants' motions to dismiss as they are premature. If and when the Plaintiffs have taken discovery and Defendants can demonstrate that there are no issues of material fact in dispute as to Defendants'

---

[8] *Unbound Partners Ltd. Partnership v. Invoy Holdings, Inc.*, 251 A.3d 1016, 1023 (Del. Super. 2021) (*quoting inVentiv Health Clinical, LLC v. Odonate Therapeutics, Inc.*, 2021 WL 252823, at *4 (Del. Super. Jan. 26, 2021); *See also Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings, LLC*, 27 A.3d 531, 535 (Del. 2011).
[9] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).

liability, the Court expects it will revisit these arguments – or ones very similar – by way of summary judgment pleadings.

The Motions to Dismiss must be **DENIED.**


**IT IS SO ORDERED.**


/s/ Charles E. Butler
Charles E. Butler, Resident Judge

5